UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MAJOR GENERAL PAUL FLETCHER,** et al., | }<br>}<br>} |
| **Plaintiffs,** | }<br>} Case No.: 2:08-cv-01844-RDP |
| v. | }<br>} |
| **ROBERT PARK WILSON, et al.** | }<br>} |
| **Defendants.** | } |

## MEMORANDUM OPINION

This case is before the court on Defendant Robert Park Wilson's Motion for Relief From Final Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) and Motion to Quash Service by Publication. (Doc. # 100). The parties have fully briefed the motion. (*See* Docs. # 101, 102). Following a status conference, and pursuant to the court's order, the parties submitted a Joint Report discussing the undisputed facts, alongside their respective proposed findings of fact. (*See* Docs. # 112, 112-1, 112-2, & 112-3). The court held oral argument on the motion on September 6, 2017, and the parties have agreed that an evidentiary hearing is unnecessary. (Doc. # 112 at 4). After careful review of the motion and evidentiary submissions, and with the benefit of oral argument, the court concludes that Defendant's Motion for Relief From Final Judgment (Doc. # 100) is due to be granted.

**I.     Background**

    **A.     Procedural History of This Action**

In September 2008, Plaintiffs filed this suit in the Circuit Court of Jefferson County, Alabama. (*See* Doc. # 1-1 at 2-22). Plaintiffs identified Defendant Wilson as a real estate

investor, a managing member of DPG Watts, LLC, and the secretary for Denali Investment Group, Inc. (*Id.* at 2). They alleged that Wilson conducted business in Alabama. (*Id.*). They asserted in the initial complaint that Wilson could be served at the offices of Denali Investment Group. (*Id.* at 22).

After suit was filed, the Circuit Court's clerk stated in an affidavit that Wilson had refused to accept service on September 12, 2008. (*Id.* at 28). The clerk sent a copy of the summons and complaint to Wilson at Denali Investment Group's offices in Birmingham. (*Id.*). Accordingly, the clerk deemed Wilson to be served in September 2008. (*Id.*). In October 2008, Defendant Dan Pena removed this case to this court. (Doc. # 1).

In February 2011, Plaintiffs moved for the court to enter default against Defendants Wilson, DPG Watts, and Denali Investment Group. (Doc. # 50). The Clerk of Court entered default against Wilson on February 28, 2011. (Doc. # 52). In March 2011, Plaintiffs then moved for default judgment against Wilson, DPG Watts, and Denali Investment Group. (Doc. # 53). On March 24, 2011, the Magistrate Judge (who was then presiding over this action) held a hearing on the default judgment motion. (Doc. # 57 at 1). During the hearing, he found that Plaintiffs had failed to properly serve DPG Watts. (*Id.*).

Following the hearing, the Magistrate Judge reviewed the record and questioned the service effectuated on Defendants Wilson and Denali Investment Group. (*Id.*). He acknowledged the Circuit Court clerk's affidavit, but questioned whether Wilson could be served in his individual capacity at Denali Investment Group. (*Id.* at 1 n. 1). The Magistrate Judge ordered Plaintiffs within 20 days to either prove that they had completed service on Wilson or attempt service. (*Id.* at 1).

In response, Plaintiffs moved to serve Wilson and three other Defendants by publication. (Doc. # 59 at 1). Plaintiffs claimed that service of Wilson had already been completed pursuant to Alabama Rule of Civil Procedure 4(e) by mailing the summons and complaint to his then-current address after he had refused service. (*Id.* at 4). They argued that this method of service complied Federal Rule of Civil Procedure 4(e)(1). (*Id.* at 4-5). They further explained that their attorney had attempted to send documents to Wilson at the "address provided on the Secretary of State of Alabama's website," but the documents were returned to sender because Wilson was not at the address and no forwarding address was available. (*Id.* at 5).

Furthermore, Plaintiffs averred that, in April 2011, Plaintiffs' counsel conducted a search of public records on Lexis and sent a process server to the most recent address discovered in that search. (*Id.*). Plaintiffs' process server discovered a mailbox and a vacant lot at that address. (*Id.*). Based upon these events, Plaintiffs argued that Wilson both "refused to accept service and attempted to dodge service by providing multiple fictitious or erroneous addresses." (*Id.*). They asked this court to either find that Wilson had been served in 2008 or grant them leave to serve him by publication. (*Id.* at 5-6). Among other exhibits, Plaintiffs filed an affidavit from their process server. (*See* Doc. # 59-4).

On April 15, 2011, the Magistrate Judge denied Plaintiffs' initial motion for service by publication. (*See* Doc. # 60). With regard to Defendant Wilson, he found that the affidavit proffered by Plaintiffs failed to meet the requirements of Alabama Rule of Civil Procedure 4.3(d) because neither Plaintiffs nor their counsel issued the affidavit. (*Id.* at 2). Moreover, he found that Plaintiffs had failed to attempt service on Wilson properly in his individual capacity. (*Id.* at 2-3 n. 2). The Magistrate Judge directed Plaintiffs to attempt to serve Wilson properly in his individual capacity. (*Id.* at 3).

3

On March 31, 2011, the court issued Plaintiffs a summons for Wilson. (*See* Doc. # 63). The summons stated that Wilson resided at 8610 Eastern Hills Drive, # D, Cottondale, Alabama 35453. (*Id.* at 1). Carl Robinson returned the summons unexecuted in April 2011 because no residence existed at the address listed on the summons. (*Id.* at 2; Doc. # 66).

In May 2011, Plaintiffs again requested leave to serve Wilson by publication. (Doc. # 67). They incorporated by reference their earlier motion for leave to serve by publication. (*Id.* at 1). In support of this renewed motion, Plaintiffs' attorney filed a supporting affidavit, in which he described his attempts to serve Wilson via mail and process server in 2008 and 2011. (*See* Doc. # 67-1 at 5-6). Specifically, Plaintiffs' counsel discussed the refused service in September 2008, the Circuit Court's mailing to Wilson in September 2008, his attempts to send documents to Wilson, and the process server's attempt to serve Wilson in April 2011. (*See id.*). After describing the failed attempts to serve Wilson, Plaintiffs' counsel averred that Wilson had refused to accept service and attempted to dodge service. (*Id.* at 6). The attorney stated that Wilson's current address was unknown and could not be ascertained through reasonable diligence. (*Id.*). Plaintiffs' counsel never mentioned in his affidavit to the court that Wilson had relocated to Central America. (*See generally* Doc. # 67-1).

The Magistrate Judge reviewed the affidavit from Plaintiffs' counsel and found that (1) four defendants, including Wilson, had avoided service and (2) those Defendants could not be located. (Doc. # 74 at 2). He recounted the standard for authorizing service by publication under Alabama law (*id.* at 1), and found that Plaintiffs had met their burden to justify service by publication. (*Id.* at 2). Thus, the Magistrate Judge granted Plaintiffs leave to serve four Defendants, including Wilson, by publication pursuant to Alabama Rule of Civil Procedure 4.3. (*Id.*).

In October 2011, the Clerk of Court issued a notice for service by publication. (Doc. # 76). The Clerk directed Plaintiffs to publish the notice in The Birmingham News, a newspaper published in Jefferson County. (*Id.*). In November 2011, Plaintiffs notified the court that service by publication on Defendants Wilson, Denali Investment Group, and DPG Watts had been completed on November 21, 2011. (Doc. # 82). The Clerk of Court entered default against Defendant Wilson in December 2011. (Doc. # 88).

On December 19, 2011, the Magistrate Judge issued a report and recommendation on Plaintiffs' motion for default judgment. (Doc. # 89). He recounted that Plaintiffs had attempted "repeated unsuccessful attempts of service on Wilson" and that the court had authorized service by publication. (*Id.* at 1-2). He described the damages Plaintiffs sought for fraud and case expenses. (*Id.* at 2). And, he explained that Plaintiff Kathy Fletcher had testified in support of Plaintiffs' claims and accounting during a March 2011 hearing. (*Id.*). After reviewing the complaint and the evidence presented during an evidentiary hearing, the Magistrate Judge concluded that Wilson, Denali Investment Group and DPG Watts were liable for breach of fiduciary duty, breach of contract, fraud, and unjust enrichment. (*Id.* at 3). He concluded that these Defendants were not liable for intentional infliction of emotional distress, civil conspiracy, or violating the Alabama Securities Act. (*Id.* at 3 n. 1). The Magistrate Judge recommended granting Plaintiffs default judgment in the amount of $402,064.24. (*Id.*). Obviously, Plaintiffs did not object to the Magistrate Judge's Report and Recommendation.

In January 2012, another judge of this court adopted and approved the Magistrate Judge's Report and Recommendation. (Doc. # 95 at 2). The district judge independently reviewed the file and "reached an independent conclusion" that default judgment should be granted. (*Id.*).

5

The court granted Plaintiffs a default judgment of $402,064.24 against Defendants Wilson, Denali Investment Group, and DPG Watts. (Doc. # 96).

B.  **Facts Regarding Defendant Wilson's Residency**

Defendant Wilson traveled to San Jose, Costa Rica in May 2007 with his wife and son. (*See* Doc. # 112-1 at 11). Wilson sold his residence in the United States in June 2007. (Doc. # 112 at 3). According to a memorandum from Defendant Damion Lupo, Wilson resigned from the Denali Organization in August 2007. (Doc. # 112-1 at 51).

Certain events that occurred before this lawsuit was filed are important to understanding the service issues in this case. On January 14, 2008, in a separate and earlier filed case, Richardson Construction Company sued Wilson, DPG Watts, Denali Property, and several other defendants for breach of contract, enforcement of a lien, and fraudulent misrepresentation. (Doc. # 101-1). Richardson Construction instructed the Circuit Court of Jefferson County to serve Wilson at 917 Ridgewood Circle, Birmingham, Alabama 35235. (*Id.* at 7). The Circuit Court's clerk sent service by certified mail to that address. (*See* Doc. # 101-2). The certified mail was accepted on January 26, 2008, and Wilson's name and signature appear on the certified mail receipt. (*Id.* at 2). Wilson denies signing the receipt. (Doc. # 112-3 at 3).

Two weeks later, on January 31, 2008, the members of DPG Watts removed Wilson from its membership. (*Id.* at 18). Plaintiffs' son, Cannon Fletcher, participated in the meeting to remove Wilson from DPG Watts. (Doc. # 112 at 2). Wilson was removed from DPG Watts "due to his absence from the United States and his relocation to Central America." (*Id.*). Cannon Fletcher actively advised his parents about their investment with DPG Watts and Denali Investment Group. (*Id.*). The parties agree that Plaintiffs heard of Wilson's relocation to Central America, but Plaintiffs (apparently) contend they did not understand that he had changed

6

residences. (*Id.*). Thus, "[w]hen process was attempted in September 2008[,] the Plaintiffs were aware that Robert Park Wilson had relocated to Central America."[1] (*Id.* at 3).

## II. Standard of Review

Federal Rule of Civil Procedure 60(b) provides parties with a limited avenue for seeking relief from final judgments. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). In particular, Rule 60(b)(4) allows parties to seek relief from final judgments that are "void." Fed. R. Civ. P. 60(b)(4). Such relief is available when a judgment is "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). The party challenging a default judgment due to the insufficiency of service bears the burden of proof to establish insufficiency of service. *Ostane v. Jim Wright Marine Constr., Inc.*, 2010 WL 3385048, at *2 (S.D. Fla. Aug. 24, 2010).

"A judgment is 'void' under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter or the parties or in a manner inconsistent with due process of law." *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdiction defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds*, 559 U.S. at 271. Indeed, "it is well-settled that a mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4)." *Oakes*, 259 F.3d at 1319. Rather, a Rule 60(b)(4) motion will only sound in those instances where there was a "total want of jurisdiction." *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990). That being said, the court possesses no discretion to

---

[1] At oral argument, Plaintiffs' counsel stated that Plaintiffs did not know that Wilson had moved abroad when they attempted to serve him by publication. But, the undisputed statement of facts, signed by Plaintiffs' counsel, asserts that Plaintiffs were aware of his relocation to Central America when they attempted to serve him in 2008. (Doc. # 112 at 3). And, Plaintiffs did not dispute that assertion when they responded to Defendant Wilson's proposed statement of facts. (*See* Docs. # 112-1 at 6; 112-2 at 4).

deny relief to Wilson if the default judgment is void. *Rismed Oncology Sys., Inc. v. Baron*, 638 F. App'x 800, 805 (11th Cir. 2015).

**III.    Analysis**

Defendant Wilson argues that the default judgment against him should be set aside because Plaintiffs should not have been authorized to perform service by publication. (*See* Doc. # 100 at 8-10). Wilson asserts that Plaintiffs utilized an inappropriate means of service on an individual when they tried to serve him through mail to his former business. (*Id.* at 10). Additionally, Wilson claims that Plaintiffs offered a conclusory affidavit from counsel to support their motion to serve Wilson by publication. (*Id.*). According to Wilson, because Plaintiffs failed to establish that he had avoided service of process in the motion for service by publication, this court erred in granting them leave to serve him by publication and lacked *in personam* jurisdiction to impose the default judgment. (*Id.* at 11-12).

After reviewing the parties' briefs and the record, the court finds two deficiencies in Plaintiffs' attempts to serve Defendant Wilson by publication. First, Plaintiffs should have served Defendant Wilson under Federal Rule of Civil Procedure 4(f), not Rule 4(e). Second, Plaintiffs failed to make a sufficient showing that Defendant Wilson had avoided service when they requested leave to serve Wilson by publication, and therefore service by publication under Alabama Rule of Civil Procedure 4.3 was not proper. The court discusses each of these issues, in turn.

    **A.    Plaintiffs Failed to Seek Service by Publication Under the Appropriate Federal Rule of Civil Procedure**

"Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). As this motion concerns a default judgment, and default judgments generally are

disfavored, "there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982).

The Federal Rules of Civil Procedure permit a plaintiff to serve an individual defendant *in a judicial district of the United States* by following state law for serving a summons in the state where the district is located. Fed. R. Civ. P. 4(e)(1). But, the Rules of Civil Procedure provide for different means of service for individuals in foreign countries. Fed. R. Civ. P. 4(f). An individual in a foreign country may be served by (1) internationally agreed means, (2) methods prescribed by the foreign country, (3) methods directed by a foreign authority in response to a letter rogatory or letter of request, (4) individual delivery or mail that requires a signed receipt, unless prohibited by the foreign country's law, or (5) "other means not prohibited by international agreement, as the court orders." *Id.* Significantly, the rule for service of an individual in a foreign country does not permit service in accordance with state law in the state where the district court is located. *See generally id.* Service under Rule 4(e) is only proper where an individual is a resident within a judicial district of the United States. *E.g.*, *Elisan Ent't, Inc. v. Suazo*, 206 F.R.D. 335, 336 (D.P.R. 2002) (denying leave to serve defendants in the Dominican Republic by publication under a Puerto Rican rule of procedure); 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* § 1133 (4th ed. 2013) ("[S]ubdivision (f) of Rule 4 represents a comprehensive provision for service of summons and the complaint on individuals . . . in a foreign country.").

Under Rule 4(f)(3), a court has wide discretion to determine the means for effectuating service of process. *BP Prods. N.A., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006). A court should attempt to "devise a method of communication that is consistent with due process

and minimizes offense to foreign law." *Id.* at 271-72 (quoting *Export-Import Bank of the U.S. v. Asia Pulp & Paper Co.*, 2005 WL 1123755, at *4 (S.D.N.Y. May 11, 2005)). A court may approve service by publication under Rule 4(f)(3), including in situations where a defendant's "exact whereabouts are unknown." *Id.* at 272 (relying on *S.E.C. v. Tome*, 833 F.2d 1086 (2d Cir. 1987)). "[S]ervice by publication to a defendant in a foreign country is an acceptable alternative means under [Rule] 4(f)(3), so long as diligent attempts have been made to locate the defendant and serve process by traditional means, and the publication is one that likely would reach the defendant. Additionally, courts in previous cases have noted the importance of the defendant possessing some knowledge that he might be subject to a suit." *Id.*

Plaintiffs' service by publication on Defendant Wilson is fatally flawed in two respects. First, Plaintiffs did not ask this court to authorize service by publication against Defendant Wilson under Federal Rule of Civil Procedure 4(f), even though they knew that Defendant Wilson had relocated outside of the United States before this suit was filed. (*See generally* Docs. # 59, 67, & 67-1). (*See also* Doc. # 112 at 3). Consequently, counsel's affidavit did not allow for a determination as to which publication method was an appropriate means of service under the circumstances. Nor did counsel's affidavit show that he and his firm had made diligent efforts to locate an individual Defendant who had relocated abroad, as the affidavit never discussed Wilson's relocation to Central America. *Cf. BP Prods.*, 236 F.R.D. at 272. As Plaintiffs were aware that Defendant Wilson had relocated from the United States to Central America (*see* Doc. # 112 at 3), they should have moved for leave to serve Defendant Wilson under Rule 4(f), rather than Rule 4(e)(1) and Alabama Rule of Civil Procedure 4.3.

Second, Plaintiffs did not seek to serve Defendant Wilson by publication in a publication likely to reach him. *Cf. BP Prods.*, 236 F.R.D. at 272. Despite knowing that Defendant Wilson

10

had relocated to Central America, Plaintiffs published the summons in *The Birmingham News*, a newspaper printed in Jefferson County, Alabama. (Doc. # 76). They made no attempt to publish the summons in an internationally-distributed newspaper or magazine. Therefore, even if service by publication were warranted under Rule 4(f) at the time the Magistrate Judge approved such service under Alabama Rule of Civil Procedure 4.3 (and, plainly, it was not), the service by publication performed by Plaintiffs was not an acceptable alternative means for serving Defendant Wilson in Central America because the notice in the local newspaper was unlikely to reach him. Accordingly, the default judgment entered against Defendant Wilson is due to be set aside.

**B. Plaintiffs Failed to Show that Wilson Avoided Service, as is Necessary to Serve a Defendant by Publication Under Alabama Rule of Civil Procedure 4.3**

As explained above, a plaintiff may serve a defendant within a judicial district of the United States by following state law for serving a summons in the state where the district is located. Fed. R. Civ. P. 4(e)(1). Alabama law permits an individual defendant to be served by publication if (1) he or she avoids service, (2) his or her present location or residence is unknown, and (3) the process server has informed the clerk that a failure of service occurred and provided the reason why service failed. Ala. R. Civ. P. 4.3(c). To obtain authorization to serve a defendant by publication, a party or an attorney for a party must file an affidavit describing the facts supporting a finding of avoidance. Ala. R. Civ. P. 4.3(d)(1). The affiant seeking service by publication must give specific facts showing the avoidance of service, and the affiant may not rely on the failure of service alone to show that the defendant has avoided service. Ala. R. Civ. P. 4.3(c).

This rule has been interpreted to require "proof of 'culpability' or 'hiding out' by a defendant" before service by publication is appropriate. *Fed. Deposit Ins. Co. v. Sims*, 100 F.R.D. 792, 796 (N.D. Ala. 1984), *quoted in Fisher v. Amaraneni*, 565 So. 2d 84, 87 (Ala. 1990). The Alabama Supreme Court has acknowledged that, in some cases, a failure to claim mail may be construed as an avoidance of service. *Marshall v. Mid-State Homes, Inc.*, 468 So. 2d 131, 132 (Ala. 1985). But, in the context of service on a corporation, a failure to claim certified mail cannot be construed as an avoidance of service if the individual to whom the mail was sent was absent from the office and the plaintiff could have asked for other corporate officers or agents available for service. *Id.* at 132-33. Moreover, a plaintiff cannot show avoidance of service by a corporation's designated agent where the plaintiff's process server visited the corporation's place of business three times, spoke with an employee at the place of business who denied knowing the registered agent, and failed to locate the registered agent. *Volcano Enters., Inc. v. Rush*, 155 So. 3d 213, 218-19 (Ala. 2014). In *Volcano Enterprises*, the Alabama Supreme Court also explained that the evidence before it did not show culpable avoidance by the agent when (1) the plaintiff presented no evidence that the agent was physically present at the place of business when the process server went there, and (2) the plaintiff did not indicate that the employees to whom the process agent spoke had knowledge about the agent's whereabouts. *Id.* at 219.

The court agrees with Defendant Wilson that the affidavit submitted by Plaintiffs' counsel to justify service by publication fails to demonstrate Wilson's avoidance of service. In that affidavit, Plaintiffs' counsel averred that Wilson had refused to claim the mail containing service documents in September 2008. (Doc. # 67-1 at 3). But, at that time counsel attempted to serve Wilson by mail at the offices of Denali Investment Group (*see* Doc. # 1-1 at 21-22), and Wilson had resigned from Denali Investment Group before September 2008. (*See* Doc. # 112-1

at 51). And, counsel's affidavit is silent as to whether his firm had attempted to contact anyone to discover Wilson's whereabouts once service by mail was unsuccessful. (*See generally* Doc. # 67-1). Plaintiffs' attempts to serve Wilson by mail in 2008 are similar to the attempts described in *Marshall*, and, thus, the court cannot say that the refusal to accept this mail demonstrated Wilson's avoidance of service. *See Marshall*, 468 So. 2d at 132.

Likewise, Plaintiffs' attempt to serve Wilson in April 2011 does not demonstrate Wilson's avoidance of service. Plaintiffs performed some degree of diligence by searching a Lexis public records database to determine Wilson's most recent address before sending a process server to locate him. (Doc. # 67-1 at 6). But, counsel's affidavit to the court describes no other attempts to locate Wilson after the process server discovered a vacant lot at the last known address found in Lexis's records. (*Id.*). Moreover, Plaintiffs have not discussed any attempt to locate Wilson between 2008 and 2011, even though the documents they sent to an address for Wilson on the Alabama Secretary of State's website were returned to sender. (*Id.* at 5-6). As in *Volcano Enterprises*, the failed service attempts described in counsel's affidavit merely show that the process server failed to locate Wilson, not that Wilson avoided service. *See Volcano Enters.*, 155 So. 3d at 218-19. Therefore, Plaintiffs failed to meet their burden to serve Defendant Wilson by publication under Alabama Rule of Civil Procedure 4.3, and the default judgment against Wilson is due to be set aside.

## IV. Conclusion

For the reasons explained above, Defendant Wilson has proven that Plaintiffs failed to serve him in accordance with Rule 4, based on the information known to Plaintiffs at the time they requested leave to serve Wilson by publication. Therefore, the court must set aside the default judgment entered against him. Defendant Wilson's Motion for Relief From Final

Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) (Doc. # 100) is due to be granted. An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this September 19, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE